UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LYNDA WARD STEVENSON                          CIVIL ACTION

VERSUS                                        NO: 06-67

STANDARD INSURANCE COMPANY                    SECTION: "J" (3)
AND DILLARD UNIVERSITY

**ORDER AND REASONS**

Before the Court is defendant Dillard University's Motion to Dismiss. (Doc. 6.) The motion is opposed. (Doc. 13.) In addition, plaintiff has filed a Motion for Leave to File First Amended and Restated Petition for Damages. (Doc. 14.) Dillard University opposes the motion for leave to amend. (Doc. 17.) For the following reasons, the Court finds that Dillard University's Motion to Dismiss should be GRANTED, and plaintiff's Motion for Leave should be GRANTED in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Lynda Ward Stevenson alleges that on or about September 27, 2002 she became totally disabled from performing her duties as Director of Community Affairs for Dillard University. Stevenson alleges that Dillard University is the sponsor and administrator of a disability plan that qualifies as

an employee benefit program under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. Stevenson claims that Dillard University was responsible for the actions of Standard Insurance Company, which was the insurer and administrator of the plan. Stevenson was denied short term benefits under the plan, but she initially received long-term benefits. On or about January 8, 2003 Standard Insurance terminated all benefits under the plan. Stevenson appealed Standard's decision, but her appeal was denied. Stevenson had thus exhausted her administrative remedies.

On January 9, 2006, Stevenson filed her complaint against Standard Insurance Co. and Dillard University under ERISA. On May 11, 2006 Dillard University filed the pending Motion to Dismiss alleging that it is not a proper defendant in the case. At Stevenson's request, the Court continued the hearing date on the motion from June 7, 2006 to June 19, 2006. On June 17, 2006 Stevenson again requested a continuance until August 16, 2006, which this Court granted. The Court also accepted Stevenson's suggestion that the Motion to Dismiss should be construed as a Motion for Summary Judgment. Dillard University, which had no opportunity to respond to Stevenson's second motion for a continuance before this Court granted it, filed a Motion for

Reconsideration of the order converting the Motion to Dismiss into a Motion for Summary Judgment. The Court denied Dillard University's Motion for Reconsideration. On August 8, 2006 Stevenson filed its Opposition to the Motion to Dismiss and simultaneously filed a contested Motion for Leave to Amend the Petition.

## LEGAL STANDARDS

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. *Tanglewood East Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988). A Rule 12(b)(6) motion should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Rule 12(b)(6) motions are disfavored and rarely granted. *Id.* (quoting *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981)).

Where a Motion to Dismiss under Rule 12(b)(6) presents matters outside the complaint that are not excluded by the court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be

given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. pro. 15(a). There must be a substantial reason to deny leave to amend. *Stripling v. Jordan Production Co.*, 234 F.3d 863, 872 (5th Cir. 2000). However, if amendment would be futile, it is within the Court's discretion to deny leave. *Id.* To determine futility, the Court applies the same standard as that applicable to a 12(b)(6) motion to dismiss. *Id.* at 873.

**DISCUSSION**

A. DILLARD UNIVERSITY'S MOTION TO DISMISS

First, the Court will address the decision to treat Dillard

University's Motion to Dismiss under the standard of Rule 56, rather than under Rule 12. Stevenson alleges in her complaint that Dillard is the sponsor as well as the administrator of the benefit plan and was responsible for Standard's actions in denying benefits. (Doc. 1 ¶ 5.) Both parties recognize that in this Circuit there is authority that an employee may bring a claim against her employer if it is the employer's decision to deny benefits. *See Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349-50 (5th Cir. 2003); *Mello v. Sara Lee Corp.*, 292 F.Supp. 2d 902, 906-07 (N.D. Miss. 2003).

Dillard University correctly notes in its Motion for Reconsideration that the Court could consider the benefits plan attached to its Motion to Dismiss without converting the motion to one for summary judgment. *See* Fed. R. Civ. Pro. 10(c). In bringing its motion to dismiss, Dillard University relies on the terms of the plan, which provide Standard Insurance exclusive authority to administer the plan, and on assertions that it "acts only in the capacity of employer" and that the situation in *Musmeci v. Schwegmann* "was not currently before the Court." (Doc. 6 at 4, n.3.) Stevenson requested that the Court treat the motion as one for summary judgement based on these factual assertions, and represented to the Court that she could present evidence

within a matter of weeks raising an issue of material fact concerning Dillard University's discretionary role in the decision to deny her benefits. The Court decided that the better course was to allow Stevenson to present her evidence, in case there were unusual factual circumstances such as those presented by *Musmeci v. Schwegmann*.

After delaying decision on Dillard University's motion for over two months, the Court received Stevenson's Opposition. Stevenson fails to present any evidence or affidavit indicating that Dillard University is identified with the plan or makes decisions regarding benefits under the plan. Instead, Stevenson seeks to have the Court treat the motion as a Rule 12(b)(6) motion. The Court declines to do so.

Dillard University has shown that Standard Insurance, not Dillard University, is the administrator specified by the terms of the plan. *(*Doc. 6, Ex.1 at 19.) Under the terms of the plan Standard Insurance has "full and exclusive authority to control and manage the Group Policy, to administer claims, and to interpret the Group Policy and resolve all questions arising in the administration, interpretation, and application of the Group Policy." *Id.* ERISA defines an "administrator" as "the person specifically so designated by the terms of the instrument under

which the plan is operated." 29 U.S.C. § 1002(16). Thus, by statute, Dillard University should not be considered the administrator of the plan and is not a proper defendant for a claim challenging the denial of benefits. Stevenson has failed to come forward with evidence tending to raise an issue of fact as to whether Dillard University exercised any discretion in the denial of her benefits.

B. STEVENSON'S MOTION FOR LEAVE TO AMEND

Stevenson's proposed amended complaint reasserts allegations that Dillard University administers the ERISA benefits plan and had discretion in denying her benefits. To the extent that the Court rejects claims based on these allegations in the preceding analysis, Stevenson will not be allowed to proceed with these claims against Dillard University. The proffered amended complaint also alleges that Dillard University failed to notify Stevenson when it changed disability carriers, with the result that she did not apply for coverage with the new carrier. Stevenson claims that Dillard University's failure to offer her the opportunity to apply with the new carrier breached its duty to afford her insurance coverage and left her without the ability to readily receive new coverage. Stevenson gives no clear indication as to the legal source of Dillard University's duty to

inform her of changing carriers. In the amended complaint Stevenson prays for payment of benefits, an order directing Dillard University to make available coverage under the new plan, an "award for delayed penalties under ERISA," and an award against Dillard University for failure to act as a prudent administrator.

The Court has already concluded that based on the facts of this case Dillard University is not the administrator of the plan as a matter of law. Therefore Stevenson cannot bring a claim against it for payment of benefits or for failure to act as a prudent administrator. That leaves the claims seeking coverage under the new plan and "delayed penalties."

The Court has found no reference to "delayed penalties" or similar phrases in ERISA. The Court infers along with Dillard University that the request for "delayed penalties" is an attempt to assert a cause of action for breach of 29 U.S.C. § 1132(c), which provides for the award of statutory penalties of up to $100 a day against an employer who fails to inform participants of certain funding decisions. However, the failure to inform an employee of a change in disability carriers is not covered by § 1132(c), and Stevenson has failed to allege any delays to which § 1132(c) does apply. Therefore, Stevenson cannot succeed in her

claim for "delayed penalties" under ERISA.

Dillard University addresses the allegations about the new benefit plan and the request for coverage under the new plan as attempts to claim a breach of fiduciary duty. Dillard University argues that because Stevenson may proceed with a claim under 29 U.S.C. § 1132(a)(1)(B) for recovery of benefits against Standard Insurance, she does not have a right to proceed under § 1132(a)(3) for breach of fiduciary duty. Insofar as Stevenson alleges a breach of fiduciary duty, Dillard University is correct. Where a plaintiff can bring a claim for denial of benefits under § 1132(a)(1), she cannot seek an award of those benefits under 1132(a)(3) for breach of fiduciary duty. *See Tolson v. Avondale Industries, Inc.*, 141 F.3d 604, 610 (5th Cir. 1998). However, Stevenson also argues that she has state law claims for breach of contract or negligence based upon the failure to afford her the opportunity to enroll with the new benefits plan. Relying on the pleadings alone, the Court is unable to rule out the eventuality that Stevenson may have a remedy under state law theories. At this stage the Court is simply not equipped, nor is it authorized, to make the assumptions regarding Stevenson's employment contract or Dillard University's duties necessary to conclude that Stevenson's

proposed amendments would be futile. Neither can the Court determine whether such claims are sufficiently related to an ERISA plan to be preempted. Therefore, the Court will allow plaintiff to amend her complaint to pursue possible state law claims. Dillard University is, of course, free to file an appropriate motion seeking dismissal or adverse judgment against potential state law claims.

## CONCLUSION

Stevenson has failed to raise a question on the material issue of whether Dillard University is an administrator of the ERISA benefits plan. Stevenson has further failed to allege any viable theory of recovery against Dillard University under ERISA in her amended complaint. Therefore the Court will dismiss all claims against Dillard University that rely on ERISA. In the present posture, the Court is unable to rule out state law theories of recovery against Dillard University as Stevenson's employer.

Accordingly,

**IT IS ORDERED** that Defendant Dillard University's Motion to Dismiss (Doc. 6) is **GRANTED** regarding ERISA claims;

**IT IS FURTHER ORDERED** that Stevenson's Motion for Leave to

File First Amended and Restate Petition for Damages (Doc. 14) is **GRANTED** regarding state law claims.

New Orleans, Louisiana this the 27th day of September, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE